U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small><br/>
M<small>IDDLE</small> D<small>ISTRICT OF</small> F<small>LORIDA</small><br/>
O<small>RLANDO</small> D<small>IVISION</small>

**ESTATE OF MADISON MILLER, by
and through Rita Miller and Jerame
Miller as co-personal representatives
of the estate, CORI MILLER, RITA
MILLER, JERAME MILLER,**

**Plaintiffs,**

**-vs-**                                                    **Case No.  6:07-cv-1358-Orl-19DAB**

**TOYOTA MOTOR CORP., THRIFTY
RENT-A-CAR SYSTEM, INC.,
JOHN DOE MANUFACTURER,**

**Defendants.**

_____

<h1 align="center">ORDER</h1>

This case comes before the Court on the following:

1. Motion of Defendant, Thrifty Rent-a-Car System, Inc. to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, for *Forum Non Conveniens* and Supporting Memorandum of Law (Doc. No. 10, filed Oct. 24, 2007);

2. Opposition of Plaintiffs to Motion of Thrifty Rent-a-Car System, Inc. to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, for *Forum Non Conveniens* (Doc. No. 16, filed Nov. 5, 2007); and

3. Unopposed Motion of Thrifty Rent-a-Car System, Inc. for Leave to File Reply to Opposition of Plaintiffs to Motion of Thrifty Rent-a-Car System, Inc. to Dismiss and Memorandum of Law in Support Thereof (Doc. No. 29, filed Nov. 20, 2007).

## Background

This case arises from a car accident in South Africa which led to the death of nine-year old Madison Miller.  (Doc. No. 8, ¶¶ 13-23.)  After the accident, her parents filed suit in this Court against Toyota Manufacturing Corp. ("Toyota"), Thrifty Rent-a-Car System, Inc. ("Thrifty"), and an unnamed manufacturing corporation.  Thrifty now moves for dismissal of the claims against it, arguing that it is not a proper party to the suit and that the case should be dismissed on grounds of *forum non-conveniens*.  (Doc. No. 10.)

### A.    Parties to the Action

Before her death, Madison Miller was a resident of London, Ohio.  (Doc. No. 8, ¶ 1.)  Her mother, Rita Miller, is a resident of Marion, Ohio.[1]  (*Id.* at ¶ 4.)  Her father, Jerame Miller, currently lives in Jupiter, Florida. (*Id.* at ¶ 5.)  Jerame and Rita Miller are administering the Estate of Madison Miller under Ohio law. (*Id.* at ¶ 2.)

Defendant Toyota is Japanese corporation with its principal place of business in Japan.  (*Id.* at ¶ 6.)  Thrifty is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.  (*Id.* at ¶ 7.)  Plaintiffs are attempting to discover the identity of "John Doe Corporation" and do not know its place of incorporation or principal place of business.  (*Id.* at ¶ 8.)

### B.    The Accident

 On October 3, 2005, the Millers were traveling on Route 62 near Uniondale, South Africa, in a rented Toyota Condor sport utility vehicle.  (*Id.* at ¶¶ 13, 15.)  Jerame Miller was the driver. (Doc. No. 16, p. 3.)

---

[1]    Rita Miller moved to Florida after the Complaint was filed. (Doc. No. 16, p. 3.)  The Complaint does not specify where Cori Miller lives.

While traveling at typical highway speeds, the brake drum on the left rear of the Condor suddenly malfunctioned and seized, causing the vehicle to swerve and enter an uncontrollable spin. (Doc. No. 8, ¶ 16.) The Condor then flipped, left the roadway, and struck a pole. (*Id.* at ¶ 17.) The entire family was knocked unconscious and awoke on the side of the road suffering from multiple injuries. (*Id.* at ¶ 18.) Madison, receiving particularly serious injuries, was evacuated from the scene by a Red Cross helicopter. (*Id.* at ¶ 19.) Later that day, the helicopter crashed into a mountain, killing Madison and the entire crew. (*Id.*)

Plaintiffs allege that Toyota negligently designed, inspected, and assembled the Condor. (*Id.* at ¶¶ 24-27.) Plaintiffs make the same allegations against "John Doe Corporation." (*Id.* at ¶¶ 28-31.) Plaintiffs allege that Thrifty was negligent for failing to use reasonable care in selecting and providing a safe vehicle for consumers to rent. (*Id.* at ¶¶ 32-35.) Specifically, Plaintiffs allege that Thrifty approved the Condor as a vehicle to be used by its South African agent, SAFY Trust ("SAFY"). (*Id.*) Plaintiffs contend that Thrifty helped SAFY purchase the vehicle and failed to ensure that SAFY inspected the vehicle properly. (*Id.*) Furthermore, Plaintiffs allege that Thrifty is vicariously liable for SAFY's negligence because SAFY is an agent of Thrifty. (*Id.* at ¶¶ 36-40.) Finally, Plaintiffs allege that all Defendants are strictly liable for introducing a defective product into the stream of commerce and that all Defendants have breached implied and express warranties. (*Id.* at ¶¶ 41-52.)

Thrifty filed a motion to dismiss on October 24, 2007, in which it argues that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a claim. (Doc. No. 10, p. 4.) Thrifty argues that SAFY was the company actually responsible for renting the Condor to the Millers, and reasons that SAFY's status as a Thrifty franchisee does not

mean that it was an agent of Thrifty.  (*Id.* at pp. 4-5.)  In support, Thrifty submitted the affidavit of Richard Morris, the litigation manager of Thrifty, who explains that Thrifty does not exercise any "management control" over its South African franchises.  (*Id.* at pp. 17-18.)

As an alternative ground for dismissal, Thrifty argues that this case should be dismissed under the doctrine of *forum non conveniens*.  (*Id.* at p. 6.)  Thrifty contends that South Africa is an appropriate and more convenient forum to hear the case.  (*Id.* at p. 8.)  According to Thrifty, most of the relevant witnesses and documents are located in South Africa, outside this Court's subpoena power.  (*Id.* at pp. 8-12.)  Thrifty also argues that the public policy implications of this case are germane only to South Africa, the place of the accident, and that a Florida jury should not be burdened with events that occurred in Africa.  (*Id.* at pp. 12-14.)  Finally, Thrifty argues that Plaintiffs can reinstate their suit in the alternative forum, and that South African law will control much of the legal analysis.  (*Id.* at pp. 14-16.)

Plaintiffs filed a Memorandum in Opposition arguing that Thrifty's motion should actually be analyzed as a motion for summary judgment because Thrifty introduced matters outside the pleadings. (Doc. No. 16, pp. 6-8.)  In response to Thrifty's agency argument, Plaintiffs contend that an actual and apparent agency relationship existed between Thrifty and SAFY.  (*Id.* at pp. 8-10.) With respect to *forum non conveniens*, Plaintiffs assert that litigation in the United States is not sufficiently inconvenient to upset their choice, as United States citizens, to litigate the case domestically.  (*Id.* at p. 11.)  Moreover, Plaintiffs argue that Thrifty has not demonstrated that it is amenable to suit in South Africa, the parties are United States citizens, there are no eye witnesses in South Africa, and that most evidence is either in the United States or readily available to the parties.  (*Id.* at pp. 12-22.)

## Analysis

I.      **Dismissal for Failure to State a Claim**

     A.      **Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that can be drawn from the complaint. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 12(d); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

     B.      **Thrifty's Motion to Dismiss for Failure to State a Claim**

Thrifty argues that the claims against it must be dismissed because SAFY did not act as an agent of Thrifty when it rented the Toyota Condor to the Millers. (Doc. No. 10, pp. 4-5.) In support, Thrifty attached the affidavit of its litigation manager, Richard Morris. (Doc. No. 10, pp. 17-18.)

Thrifty's Motion to Dismiss is deficient for several reasons. First, as Plaintiffs note, Thrifty has introduced matters outside the pleadings in its motion to dismiss under 12(b)(6). As Federal Rule of Civil Procedure 12(d) explains, this scenario presents the Court with two choices: either (1) exclude the matters outside of the pleadings or (2) treat the motion as a motion for summary judgment and give the parties a reasonable opportunity to present pertinent material. Fed. R. Civ. P. 12(d). In this case, the first option is the most prudent choice. The issue of agency is fact

intensive, and some degree of discovery will probably be required to piece together a sufficient record to decide this matter on summary judgment. *See*, *e.g.*, *Harper ex rel Daley v. Toler*, 884 So. 2d 1124, 1130-31 (Fla. DCA 2d 2004) (setting forth ten non-exclusive factors to consider when determining whether an individual is an "employee" rather than an "independent contractor" for purposes of vicarious tort liability). Accordingly, the Court will exclude the affidavits and any derivative arguments for purposes of assessing Thrifty's motion to dismiss for failure to state a claim.

Once Thrifty's arguments are limited to matters in the Complaint, it is apparent that Thrifty's motion to dismiss under Rule 12(b)(6) should not succeed. The Complaint states that SAFY was the agent and servant of Thrifty and that Thrifty is vicariously liable for SAFY's torts. (Doc. No. 8, ¶¶ 36-40.) Paragraph thirty-four alleges that Thrifty approved the use of the Condor and either purchased or helped purchase the Condor for SAFY. (*Id.* at ¶ 36.) Finally, the Complaint alleges that SAFY is a Thrifty franchisee. (*Id.* at ¶ 38.) Critically, Thrifty does not argue that these allegations are insufficient to make Thrifty vicariously liable for SAFY's torts. Thrifty instead attempts to set forth its own version of the facts through argument and the affidavit of Richard Morris.[2]

Thrifty also fails to specify which body of law governs the agency issue. A federal court sitting in diversity applies the choice of law rules of the forum state. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Thrifty first assumes, without analysis, that Florida would choose its own substantive law to determine whether SAFY was Thrifty's agent for purposes of tort

---

[2]     For example, Thrifty states, "Plaintiffs will never reach the burden of proving the bare allegation of a relationship between SAFY and the Defendant, as evidenced by the Affidavit of Richard Morris." (Doc. No. 10, p. 5.)

liability.  (Doc. No. 10, pp. 4-5.)  Based on this assumption, Thrifty cites a Florida case which held that a mere franchise relationship is insufficient to impute tort liability to the franchiser.  *See Mobil Oil Corp. v. Bransford*, 48 So. 2d 119, 121-22 (Fla. 1995).  Later in the motion, however, Thrifty states that the "law regarding agency and products liability" will be South African.  (Doc. No. 10, p. 16.)  Before reasserting this argument in a motion for summary judgment, Thrifty must present argument on which body of law governs the agency issue.  Furthermore, if South African law controls, Thrifty will be required to follow the requirements of Federal Rule of Civil Procedure 44.1 for pleading foreign law.[3]

## II.     *Forum Non Conveniens*

### A.        Standard for Dismissal under *Forum Non Conveniens*

To prevail on a motion to dismiss based on *forum non conveniens*, the moving party "has the burden of demonstrating that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) [the plaintiff] can reinstate its suit in the alternative forum without undue inconvenience or prejudice."  *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 864 (11th Cir. 2007) (citing *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001)).

The burden to demonstrate that an "adequate" forum is available actually requires the movant to show that the alternative forum is both "adequate" and "available."  *Id.* at 865 (quoting *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir.1983)).  An alternative forum will be considered "adequate" as "long as it could provide some relief for the plaintiff['s] claims, even if

---

Rule 41.1 requires a party "who intends to raise an issue about a foreign country's law . . . [to] give notice by a pleading or other writing."

the substantive law that would be applied in the alternative forum is less favorable to the plaintiff[] than that of the present forum." *Id.* (quoting *Piper Aircraft*, 454 U.S. at 247) (internal quotations omitted). "Generally, a defendant can demonstrate an available forum by showing that it is amenable to service of process in that forum, or alternatively, by consenting to the jurisdiction of the alternative forum." *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 242 (1981); *La Seguridad*, 707 F.2d at 1305 n.1)).

If the movant satisfies this first prong, it must then demonstrate that relevant factors of "private interest" are sufficiently compelling to outweigh a presumption in favor of the plaintiff's choice of forum. *Id.* (citing *Gulf Oil*, 330 U.S. at 508). This burden is particularly steep concerning a foreign forum when the plaintiff is a United States citizen. *See id.* In the Eleventh Circuit, "courts should require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." *Id.* (quoting *La Seguridad*, 707 F.2d at 1308 n.7). Relevant factors of "private interest" to consider include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses and costs of obtaining unwilling witnesses; (3) the probability of a view of the premises, if appropriate to the action; (4) the enforceability of a judgment if obtained; and (5) all other practical problems that make a trial of the case easy, expeditious, and inexpensive.

*Callasso v. Morton & Co.*, 324 F. Supp. 2d 1320, 1330 n.7 (S.D. Fla. 2004) (citing *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir.1987)); *see also SME Racks, Inc. v. Sistemas Mecanicos Para Electronica*, 382 F.3d 1097, 1100-01 (11th Cir. 2004).

If the balance of private interest factors is at equipoise or near equipoise, the Court must then consider relevant factors of public interest. *Tyco Fire & Sec.*, LLC, 218 Fed. Appx. at 865; *SME*

*Racks, Inc.*, 382 F.3d at 1101; *but see Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir.

2001) ("[T]he better rule is to consider both factors in all cases . . . ."). These factors include:

> (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies resolved at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the law governing the action; (4) the avoidance of unnecessary problems in conflicts of law or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Callasso*, 324 F. Supp. 2d at 1330 n.8 (citing *In re Air Crash*, 821 F.2d at 1147).

Finally, if the balance of interests favors the alternative forum, the Court must ensure that

the "plaintiff[] can reinstate [its] suit in the alternative forum without undue inconvenience or

prejudice." *Tyco Fire & Sec.*, LLC, 218 Fed. Appx. at 866 (citing *La Seguridad*, 707 F.2d at 1307).

### B.    Application of the Standard

Thrifty's motion to dismiss under the doctrine of *forum non conveniens* fails at the outset

because Thrifty has not demonstrated that South Africa is both an "adequate" and "available" forum.

*See Tyco Fire & Sec.*, 218 Fed. Appx. at 864.  On one hand, Thrifty demonstrates that South Africa

is an "adequate" forum by attaching the affidavit of a South African attorney.[4] (Doc. No. 10, p. 19.)

The affidavit explains that the common law of South Africa recognizes all of Plaintiffs' claims

---

[4]    Affidavits are useful in evaluating a motion to dismiss under the doctrine of *forum non conveniens*.  A defendant seeking dismissal under *forum non conveniens* is not required to submit "affidavits identifying the witnesses [it] would call and the testimony these witnesses would provide . . .", but the defendant should nevertheless submit some evidence "describing the evidentiary problems [it] would face if the trial were held in the United States." *See Piper Aircraft Co.*, 454 U.S. at 258.  Unlike a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may consider this evidence without converting the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).  Thus, the Court will consider Thrifty's affidavits for purposes of its motion to dismiss under the doctrine of *forum non conveniens*, even though the same affidavits were excluded from consideration with respect to Thrifty's motion to dismiss for failure to state a claim.

except for "strict liability in product defect cases."  *Id.*  Moreover, Plaintiffs do not challenge the adequacy of South Africa's legal system.  (*See* Doc. No. 16, pp. 12-13.)

However, despite citing to the general rule, Thrifty fails to show that South Africa is an "available" forum.  (*See* Doc. No. 10, p. 8.)  A party seeking dismissal under *forum non conveniens* may meet this requirement by showing (1) that it is amenable to service in the alternative forum or by (2) consenting to jurisdiction in the alternative forum.  *See Tyco Fire & Sec.*, 218 Fed. Appx. at 864.  In this case, Thrifty has done neither.  Thrifty explains that "[t]he South African courts have jurisdiction and will accept any matter where the accident occurred within the Republic of South Africa, provided that the defendant has assets [] which are capable of being attached [] within the Republic of South Africa," but Thrifty fails to specify whether it has any assets in South Africa. (*Id.* at p. 20.)  Moreover, as Plaintiffs note, Thrifty is simultaneously moving this Court to dismiss the action against it on the grounds that Thrifty is not a proper party.  Thrifty argues in support that SAFY is an independent entity over which Thrifty does "not exercise any modicum of control". (Doc. No. 10, p. 4.)  Thrifty's arguments imply that Thrifty has no presence in South Africa other than SAFY's use of the Thrifty logo.  If such is the case, it appears unlikely that a South African court would exercise personal jurisdiction over Thrifty.  Finally, Thrifty has not represented to the Court that it is willing to submit to jurisdiction in South Africa.  Thus, Thrifty has not met its burden to show that South Africa is an available forum.[5]

_____

[5]       A case arising from this same accident was filed in the United States District Court for the Northern District of Ohio.  *Estate of Thomson v. Toyota Motor Corp.*, No. 1:06-cv-2431, 2007 WL 1795271 (N.D. Ohio June 19, 2007).  In that case, the court dismissed the plaintiffs' complaint *sua sponte* under the doctrine of *forum non conveniens. Id.* at *3-5.  The court summarily concluded that "South Africa is an appropriate alternative forum because it is the place where the injury occurred and it can provide adequate relief to the plaintiffs."  *Id.* at *3. Irrespective of the
(continued...)

The existence of an adequate and available forum is a prerequisite to dismissal under the doctrine *forum non conveniens*, and the Court therefore does not address whether the balance of private and public interests favor dismissal or whether Plaintiffs can reinstate their suit in South Africa without undue burden.

### Conclusion

The Court **DENIES** the Motion of Defendant, Thrifty Rent-a-Car System, Inc. to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, for *Forum Non Conveniens* and Supporting Memorandum of Law (Doc. No.10, filed Oct. 24, 2007). The Court **DENIES** as moot the Unopposed Motion of Thrifty Rent-a-Car System, Inc. for Leave to File Reply to Opposition of Plaintiffs to Motion of Thrifty Rent-a-Car System, Inc. to Dismiss and Memorandum of Law in Support Thereof (Doc. No. 29, filed Nov. 20, 2007).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December _18__, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[5](...continued)
Sixth Circuit's case law, it appears that the Eleventh Circuit's case law requires an explicit finding that the defendant is either "amenable to process" in the alternative forum or willing to consent to jurisdiction there. *See Tyco Fire & Sec., LLC*, 218 Fed. Appx. at 865 ("Generally, a defendant can demonstrate an available forum by showing that it is amenable to service of process in that forum, or alternatively, by consenting to the jurisdiction of the alternative forum.") ; *La Seguridad*, 707 F.2d at 1304 ("As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case.") Thrifty has not met this burden.

-11-