UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ESTATE OF MADISON MILLER,**
**by and through Rita Miller and**
**Jerame Miller as co-personal**
**representatives of the estate,**
**CORI MILLER, RITA MILLER,**
**JERAME MILLER,**

      **Plaintiffs,**

**-vs-**                **Case No. 6:07-cv-1358-Orl-19DAB**

**TOYOTA MOTOR CORP.,**
**THRIFTY RENT-A-CAR SYSTEM, INC.,**
**JOHN DOE MANUFACTURER,**

      **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1. Motion of Plaintiffs for Reconsideration (Doc. No. 58, filed Mar. 11, 2008);

2. Motion of Defendant Toyota Motor Corporation for Suggestion of Revisions to Text of Order (Doc. No. 59, filed Mar. 11, 2008);

3. Response of Defendant Toyota Motor Corporation to Motion of Plaintiff for Reconsideration (Doc. No. 61, filed Mar. 24, 2008); and

4. Opposition of Plaintiffs to Motion of Defendant for Suggestion of Revisions to Text of Order (Doc. No. 62, filed Mar. 28, 2008).

## Background

On February 22, 2008, the Court granted Defendant Toyota Motor Corporation's ("TMC") Motion to dismiss the claims against it. (Doc. No. 55.) The Court found that TMC did not possess

sufficient contacts under Florida's long arm statute to submit the corporation to the personal jurisdiction of this Court.[1] (*Id.* at 7-12.)  While evaluating TMC's contacts with Florida, the Court came to the following factual conclusions:

- TMC does not sell or import vehicles to Florida, or even to the continental United States. Rather, TMC's operations appear to be focused on designing vehicles for markets in Asia and Africa.

- TMC emphasizes that it . . . does not sell or design vehicles for United States markets or Florida in particular . . . .

(*Id.* at 3, 8-9.)  The Court drew these conclusions from the following statements in an affidavit submitted by a TMC employee:

- 4. TMC is located in Japan, and does not import, market or sell Toyota motor vehicles in the continental United States or in particular in Florida.

- 16. TMC has never designed or manufactured Toyota motor vehicles in Florida.

- 28. TMC designed this vehicle [the Toyota Condor at issue] for Asian and African markets, and this vehicle was manufactured by a TMC affiliated company in South Africa.

(Doc. No. 36-2 at 2-4.)

On March 11, 2008, TMC filed a Motion to amend the Court's Order.  TMC states that the above quoted statements from the Court's Order were inaccurate. (Doc. No. 59.)  Regarding the Court's conclusion that "TMC does not sell or import vehicles to Florida," TMC suggests that the Court "substitut[ed]" the words "for" and "to" for the word "in," coming to an incorrect conclusion. (*Id.* at 2.)  TMC suggests that the Court's statement that "TMC's operations appear to be focused

---

[1] The statute provides jurisdiction over "a defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise . . . whether or not the claim arises from that activity." § 48.193(2), Fla. Stat. (2007).

on designing vehicles for markets in Asia and Africa" was not contained anywhere in the record and is a misinterpretation of TMC's statement regarding the Toyota Condor. (*Id.* at 3.) TMC requests that the Court amend its Order for the sake of accuracy but leave the ultimate legal conclusions unchanged. (*Id.* at 3-4.)

The same day, Plaintiffs filed a Motion for Reconsideration, arguing that TMC's Motion asking the Court to reconsider its previous Order had brought new evidence to light. (Doc. No. 58 at 1-2.) Plaintiffs also ask the Court to grant jurisdictional discovery by permitting them to take the depositions of two TMC employees. (*Id.* at 3.) Finally, Plaintiffs oppose TMC's Motion to amend the Court's Order, arguing that TMC's proposed amendments affect the Court's legal reasoning and warrant a change in outcome. (Doc. No. 62.)

**Analysis**

Factual mistakes of the Court may be amended through a Federal Rule of Civil Procedure 60(b) motion. *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992). The Court has discretion to grant such a motion when it discovers a factual mistake in a previous order, and equitable considerations mandate amendment. *Id.* In this case, it is clear that factual mistakes have occurred, but it is not obvious what the correct facts are. Accordingly, the Court will deny both motions for amendment without prejudice and permit limited jurisdictional discovery as follows.

The Court's error was not a simple case of substitution, as TMC suggests. Regarding paragraph 4 of the affidavit, the Court interpreted the phrase "in the continental United States or in particular in Florida" to modify the word immediately preceding it: "vehicles." The Court gave the same construction to paragraph 16. Thus, the Court concluded that TMC did not import, market, sell, design, or manufacture the Toyota brand vehicles which are driven throughout Florida and the

United States. Under TMC's construction, the paragraphs mean that TMC does not import, market, sell, design, or manufacture Toyota vehicles from a physical location inside the United States or Florida.[2]

The Court's conclusion that "TMC's operations appear to be focused on designing vehicles for markets in Asia and Africa" was inferred from paragraphs 4, 16, and 28. TMC's affidavit gives only one example of a place for which Toyota designs vehicles: "Asian and African Markets." At the same time, the Court interpreted paragraphs 4 and 16 as explaining that TMC does not design vehicles for the United States market. From these statements, the Court concluded that TMC's operations were focused on the only two markets that it described in its affidavits, Asia and Africa.

It is not clear, as Plaintiffs contend, that these factual inaccuracies change the outcome of this case.[3] However, the inaccuracies do point out two problems with the affidavits submitted by TMC: (1) certain paragraphs of the affidavits are ambiguous, and (2) many of the paragraphs are artistically drafted to avoid jurisdiction. Thus, TMC's Motion to amend raises substantial questions as to the completeness of the record upon which the Court rendered its decision.

---

[2] Toyota's construction of the two paragraphs is reasonable in light of the words used in those paragraphs. However, the construction renders both paragraphs redundant when compared with later paragraphs in the same affidavit stating that: "TMC has never conducted business in Florida," "TMC has never maintained a sales force within the State of Florida," "TMC has never shipped products directly into the State of Florida," and "TMC does not own or lease any real estate in the state of Florida, and has never maintained a place of business in the state of Florida." (*Id.* at 2.)

[3] The Court has previously explained that the "substantial and not isolated activity" requirement of Florida's long arm statute has been recognized by Florida courts as the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Fourteenth Amendment's Due Process Clause. *Stubbs v. Wyndham Nassau Resort & Crystal Palace*, 447 F.3d 1357, 1363 n.7 (11th Cir. 2006). Accordingly, Plaintiffs must do more than establish minimum contacts with Florida to demonstrate that personal jurisdiction exists.

The Court denied Plaintiffs' request for jurisdictional discovery in its previous Order because Plaintiffs buried the request in a response to a motion and failed to give a description of what evidence they would seek in discovery. (Doc. No. 55 at 12 n.8.) In light of TMC's Motion to amend, Plaintiffs have renewed their request and seek to take the depositions of Yukitoshi Funo and Shigeru Hayakawa, two TMC officers. Because Plaintiffs have identified a need for jurisdictional discovery and have specified the nature of evidence they seek, their request will be granted as stated below. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982).[4]

**Conclusion**

Based on the foregoing:

1. The Court **GRANTS** Plaintiffs' request for jurisdictional discovery.

2. The Parties shall confer within ten (10) days from the date of this Order and designate a time and place to take the depositions of Yukitoshi Funo and Shigeru Hayakawa. If one or both of these officers are unavailable to be deposed, the parties may mutually agree upon one or more substitute witnesses. If the parties cannot reach an agreement upon a substitute, or if otherwise necessary, Plaintiffs may file a motion pursuant to Federal Rule of Civil Procedure 37 to compel Defendant to produce a witness to be deposed.

3. The scheduled depositions shall occur within sixty (60) days from the date of this Order. If Defendant TMC is unable to produce either of these officers or a mutually agreed upon

---

[4] Defendant contends that the Court should not permit Plaintiffs to depose Mr. Funo and Mr. Hayawaki because both witnesses are located outside of Florida and lack a connection to the state. However, Defendant has not offered any explanation of how a witness's physical location or "connection" to the forum is relevant to the issue of permitting jurisdictional discovery.

    substitute for a deposition within sixty (60) days, it must file a motion seeking an extension of time.

4. The Motion of Plaintiffs for Reconsideration (Doc. No. 58, filed Mar. 11, 2008) and the Motion of Defendant for Suggestion of Revisions to Text of Order (Doc. No. 59, filed Mar. 11, 2008) are **DENIED** without prejudice.

5. Within fourteen (14) days after the last scheduled deposition is taken, the parties may submit renewed motions directed to the issue of personal jurisdiction. (Doc. No. 55). The renewed motions shall: (1) identify any new factual information discovered during the depositions; (2) explain, with specific citations to the Court's previous Order, how any new factual information changes the Court's factual conclusions; and (3) explain, with specific citations to the Court's previous Order, how any new factual conclusions change the Court's legal conclusions.

    **DONE** and **ORDERED** in Chambers in Orlando, Florida on March _31_, 2008.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record