UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ESTATE OF MADISON MILLER,
by and through Rita Miller and
Jerame Miller as co-personal
representatives of the estate,
CORI MILLER, RITA MILLER,
JERAME MILLER,

                Plaintiffs,

-vs-                                                      Case No. 6:07-cv-1358-Orl-19DAB

TOYOTA MOTOR CORP.,
THRIFTY RENT-A-CAR SYSTEM, INC.,
JOHN DOE MANUFACTURER,

                Defendants.
_____

# ORDER

This case comes before the Court on the following:

1. Motion of Toyota Motor Corporation for Reconsideration and Motion for Protective Order Based in Part upon the Apex Doctrine, and Memorandum of Law in Support Thereof (Doc. No. 64, filed Apr. 9, 2008);

2. Amended Motion of Toyota Motor Corporation for Reconsideration and Motion for Protective Order Based in Part upon the Apex Doctrine, and Memorandum of Law in Support Thereof (Doc. No. 66, filed Apr. 10, 2008);

3. Request for Oral Argument Regarding Amended Motion for Reconsideration and Motion for Protective Order (Doc. No. 67, filed Apr. 11, 2008); and

4. Response of Plaintiffs in Opposition to Toyota Motor Corporation's Motion for Reconsideration and Protective Order (Doc. No. 80, filed Apr. 16, 2008).

Defendant Toyota Motor Corporation ("TMC") has moved the Court for reconsideration of its Order granting Plaintiffs limited jurisdictional discovery. (Doc. No. 66.) TMC also moves for a protective order. (*Id.*)

The Eleventh Circuit Court of Appeals has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993). Under either rule, the decision to grant a motion for reconsideration is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Id.* at 806. The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A motion for reconsideration should not be used to reiterate arguments previously made. *Burger King Corp.*, 181 F. Supp. 2d at 1369. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Id.*

TMC's submissions fall far short of meeting this standard. All of TMC's arguments were either raised and rejected by the Court in its previous Order or could have been raised but inexplicably were not. TMC first argues that Plaintiffs have failed to "make the required threshold showing that TMC conducts some activity in Florida to justify jurisdictional discovery" and that

"[t]here is simply no evidence in the record that TMC has any contacts amounting to substantial and not isolated activity with Florida." (Doc. No. 66 at 4-5.) TMC failed to raise this argument in its Response to Plaintiff's Motion seeking jurisdictional discovery. (Doc. No. 61 at 5-6, filed Mar. 24, 2008.) In any event, TMC is incorrect that Plaintiffs must show "substantial and not isolated activity" to receive jurisdictional discovery. A plaintiff cannot be required to demonstrate that the defendant has "substantial and not isolated activity" with the forum state as prerequisite for jurisdictional discovery; if this were the case, jurisdictional discovery would be useless because the plaintiff would already have established personal jurisdiction.[1] *See Stubbs v. Wyndham Nassau Resort & Crystal Palace*, 447 F.3d 1357, 1363 n.7 (11th Cir. 2006) (explaining the standard to satisfy Florida's long arm statute).

Secondly, TMC argues that Plaintiffs should only be allowed to conduct jurisdictional discovery to determine the nature of TMC's contacts with Florida. (Doc. No. 66 at 5.) The Court's previous Order did not specify the scope of the subject matter for jurisdictional discovery, and as a result, issues regarding the scope of discovery should not be litigated through a Motion for Reconsideration. Accordingly, this is not a ground for reconsideration of the Court's Order.

Finally, TMC contends that Mr. Funo and Mr. Hayakawa should not be deposed because both witnesses are located outside of Florida. (Doc. No. 66 at 5-6.) As TMC notes, the Court previously rejected this argument. (*Id.*) Moreover, the argument is equally unpersuasive in its renewed form. TMC still has failed to offer any authority for the novel proposition that a witness

---

[1] Plaintiffs have demonstrated that TMC possesses at least some contact with the state of Florida. TMC has admitted that a portion of its income is derived from the State of Florida. (Doc. No. 36-2 at 3.) TMC has also admitted that it manufactures Toyota, Lexus, and Scion motor vehicles, and that these vehicles are sold by other companies in Florida. (Doc. 69-2 at 3; Doc. No. 36-3 at 3.) These are "contacts" with the state of Florida.

must be physically located in a state to be competent to testify about matters relating to an issue in litigation in such state.

To the extent TMC is arguing that the Court should order the deposition of a *more appropriate* witness, the Court will refer the Motion for a Protective Order to the Magistrate Judge for consideration. The Magistrate can alter the scope of discovery if it is found that TMC's arguments compel a change of the designated witnesses for depositions.

**Conclusion**

1. The Motion of Toyota Motor Corporation for Reconsideration is **DENIED** (Doc. No. 66, filed Apr. 10, 2008).

2. The Motion for Protective Order Based in Part upon the Apex Doctrine, and Memorandum of Law in Support Thereof is **REFERRED** to the Magistrate Judge for consideration (Doc. No. 66, filed Apr. 10, 2008).

3. The Request for Oral Argument Regarding Amended Motion for Reconsideration (Doc. No. 67, filed Apr. 11, 2008) is **DENIED**.

4. The Motion of Toyota Motor Corporation for Reconsideration and Motion for Protective Order Based in Part upon the Apex Doctrine, and Memorandum of Law in Support Thereof (Doc. No. 64, filed Apr. 9, 2008) is **DENIED** as moot by virtue of the later filed Motion requesting identical relief.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April 22nd__, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record