# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ESTATE OF MADISON MILLER, by and through Rita Miller and Jerame Miller as co-personal representatives of the estate,CORI MILLER, RITA MILLER, JERAME MILLER,,**

                **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1358-Orl-19DAB**

**TOYOTA MOTOR CORP., THRIFTY RENT-A-CAR SYSTEM, INC., JOHN DOE MANUFACTURER**

                **Defendants.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **TOYOTA MOTOR CORPORATION'S MOTION FOR PROTECTIVE ORDER BASED ON THE APEX DOCTRINE (Doc. No. 66)** |
| **FILED:** | **April 10, 2008** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** in part. | |
| **MOTION:** | **PLAINTIFFS' MOTION TO COMPEL THE DEPOSITIONS OF YUKITOSHI FUNO AND SHIGERU HAYAKAWA (Doc. No. 72)** |
| **FILED:** | **April 17, 2008** |
| **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. | |

These motions present the same issue; namely, whether it is appropriate for Plaintiffs to depose two admittedly high level corporate officials as part of the jurisdictional discovery contemplated by the District Court's prior Order. This precise issue has been referred to the undersigned by the District Judge (Doc. No. 73) and adequately briefed by the parties. For the reasons stated at argument, the Court **grants** the motion for protective order, in part, and **denies** the motion to compel, without prejudice, as set forth herein.

Counsel are **ordered** to confer forthwith and formulate a designation pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure. Upon receipt of the designation, Toyota shall **promptly** proffer a corporate witness or witnesses competent to testify to the jurisdictional matters designated, and the parties shall cooperate with respect to an acceptable time and place for deposition. It is the intention of the Court that the parties work together in order to accomplish the deposition or depositions, by the end of May. At the conclusion of the Rule 30(b)(6) deposition(s), should the Plaintiffs, in good faith and after a conference with Defendant, believe that information necessary to their briefing of the jurisdiction issue has not been adequately addressed by the proffered witness, the motion to compel the deposition of Mr. Funo and Mr. Hayakawa may be renewed upon an expedited basis.

| | |
|---|---|
| **MOTION:** | **MOTION FOR COSTS FOR FORMAL SERVICE (Doc. No. 71)** |
| **FILED:** | **April 16, 0208** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiffs seek reimbursement for costs relating to service of process on Defendant Toyota Motor Corporation (herein "TMC"). The Amended Complaint alleges that TMC is a corporation organized and existing under the laws of Japan, with its principal place of business in Japan. Plaintiffs

-2-

assert that requests for waiver of service were sent to two executives, one at "his office" in California and one at "his office" in New York. The Court finds no grounds to award costs for formal service, at this juncture,[1] pursuant to Rule 4(d)(2), Federal Rules of Civil Procedure.

Rule 4(d)(2) applies, by its terms, to defendants "located within the United States." Thus, the plain language of the Rule compels denial of the motion. *See O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 951 (7th Cir. 2000) ("Rule 4(d)(2) provides foreign defendants the ability to waive service but exempts them from costs for a failure to execute the waiver."); *see also* 1993 Advisory Committee Commentary to the Rule: "It should be noted that the provisions for shifting the cost of service apply only if the plaintiff and defendant are both located in the United States, and accordingly a foreign defendant need not show "good cause" for its failure to waive service." Here, Plaintiffs have alleged that TMC is a foreign corporation, with a foreign principal place of business. Although Plaintiffs assert that waivers were sent to two individuals, each at "his office," there is no allegation that either of these "offices" were offices of TMC. Indeed, the exhibit to the motion reflects that the request was sent to Mr. Hayakawa, *not* at an office of TMC, but rather "c/o Toyota Motor North America, Inc."(Doc. No. 71-Exhibit 1). The Court declines to find that mere physical presence of an agent of a foreign corporation in the United States is sufficient to re-characterize a foreign corporation as a domestic corporation, for purposes of this rule.

While Plaintiffs cite several cases, none fit the instant facts. Some stand for the doctrine of transient jurisdiction, were service was made on an agent *in the forum. See Oyuela v. Seacor Marine (Nigeria), Inc.*, 290 F. Supp.2d 713 (E.D. La. 2003) (officer of corporation was physically present in Louisiana, the forum); *Northern Light Technology, Inc. v. Northern Lights Club,* 236 F. 3d 57 (1st

---

[1] The ruling herein is without prejudice to Plaintiffs seeking to tax service fees as a recoverable cost, pursuant to Rule 54(d), should that be appropriate at the conclusion of the case.

Cir. 2001) (same, Massachusetts forum). Jurisdiction over TMC is not at issue in this motion, however, and neither employee/agent was served in this forum.

Nor is the Court persuaded by Plaintiffs' citation to *M'Baye v. World Boxing Association,* 429 F. Supp.2d 652 (S.D. N.Y. 2006), which did not involve, as here, a foreign corporation, or the case of *Alfa Corp. v. Alfagres, S.A.,* 385 F. Supp. 2d 1230 (M.D. Ala. 2005), where the foreign corporation was served at its "Miami office." As noted above, the waiver request (which is not service in any event) was sent to an officer of Defendant *in care of* a domestic corporation, not a domestic "office" of the foreign corporation.

Absent a showing that the Rule applies to this foreign corporation, the motion is **denied.**

**DONE** and **ORDERED** in Orlando, Florida on May 8, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record