UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT of FLORIDA

ESTATE OF MADISON MILLER, et al.

          Plaintiffs,

v.

TOYOTA MOTOR CORP., et al.,

          Defendants

CASE NO. 6:07-cv-1358-Orl-19DAB

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
30(b)(6) DESIGNATIONS

Now come the Plaintiffs, ESTATE OF MADISION MILLER et al., by and through their attorneys, Hassell, Moorehead & Carroll, P.A. and Clapp, Desjardins & Ely, pllc, and in support of their 30(b)(6) designations, provide this honorable Court with the following law and argument:

## ALL OF PLAINTIFF'S 30(b)(6) DESIGNATIONS ARE CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE ON THE ISSUE OF PERSONAL JURISDICTION

Each of Plaintiff's fifty-five 30(b)(6) designations and accompanying *Duces Tecum* document requests are calculated to determine the extent to which Toyota Motor Corporation (hereinafter "TMC) does business in Florida, or are "reasonably calculated to lead to the discovery of admissible evidence" concerning personal jurisdiction over TMC in Florida. Rule 26(b). Each designation was crafted with the understanding that TMC may be subject to the personal jurisdiction of this Court, either by its own activities, or through a potential principal-agent relationship between TMC and TMC's subsidiaries doing business in Florida.

Many of the designations seek to determine the extent to which TMC exercises control over its subsidiaries and agents doing business in the United States and Florida. In *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1361 (2006), the Eleventh Circuit specifically held that the relationship between a

1

parent/subsidiary and its agent is a legitimate way to establish personal jurisdiction. Further, in *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264 (2002) the Eleventh Circuit held that if the subsidiary is

> merely an agent through which the parent company conducts business in a particular jurisdiction or its separate corporate status is formal only and without any semblance of individual identity, then the subsidiary's business will be said to be doing business in the jurisdiction through the subsidiary for purposes of asserting personal jurisdiction.

*Id.* at 1272. Ultimately to prevail on the jurisdictional issue Plaintiffs will have to show that TMC either itself, or through active control and management of its subsidiaries, does business in Florida. In order to meet this burden of proof Plaintiffs should be given latitude to conduct discovery to explore how TMC's actions are connected to the state of Florida.

TMC's objection to this discovery attempts to invert this process. TMC argues that the discovery into TMC's activities should only be allowed if Plaintiffs can first show that TMC's activities inpact Florida; TMC then follows this argument by generally stating that no such activities have taken place, shutting down the inquiry. Plaintiffs should be permitted through discovery to explore these activities, rather than relying upon TMC's labeling of its activities so that they will be able to develop an adequate factual record.

Plaintiffs have narrowly tailored their designations to determine the nature and extent of the business TMC does in Florida or which has an effect in Florida. The information requested by Plaintiffs addresses only the specific issue of whether TMC should have been able to "reasonably anticipate being haled into court" in Florida. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98, 100 S.Ct. 559, 62 L.Ed. 2d 490 (1980). Plaintiff's designations are drafted with the ultimate goal of inquiring into areas which Plaintiffs reasonably believe may elicit admissible evidence of TMC's

business dealings in Florida. Specifically:

**Designations 12 & 13:** TMC's lobbying in the efforts in the United States Congress and other states very well be directed at TMC's business relationships with Florida. If TMC were to ask Congress to pre-empt action in the Florida State Legislature in order to better sell cars in Florida, then Plaintiffs should be able to discover that information. Further, those lobbying efforts do not have to take place in Florida in order to further TMC interests here, or to affect Florida customers of TMC products. Until TMC responds to these inquiries it is impossible to determine the relevance to the issue.

**Designations 23, 24 & 25:** TMC's intellectual property, trademarks and patents (for example, the trade name "Toyota") are used in marketing and sales and service of TMC manufactured products in Florida If TMC's Florida subsidiaries either assign patent and trademark rights to TMC, or exercise TMC's rights through license or assignment from TMC, this may well lead to evidence of TMC's doing business in Florida. Plaintiffs should be permitted to ask how TMC derives revenue from its intellectual property, to determine whether TMC derives revenue from Florida in this manner.

**Designations 28, 37 and *Duces Tecum* F:** SEC filings are relied upon by investors in Florida, some of whom presumably own TMC's publicly traded stock, and could well show that TMC does business in Florida. In some of TMC's filings already submitted to the Court, TMC indicates that TMC has complete control over its Florida subsidiaries. Plaintiff's requests are clearly designed to seek information leading to admissible evidence.

**Designation 35:** Plaintiffs seek to learn the purpose of TMC's Japan based executives' trips to the United States. A trip by the TMC president to the Detroit Auto Show may well be designed to increase not only Toyota's overall business, but to increase Lexus sales in Florida. Depending on the purpose of the trip and the individuals spoken to,

3

Plaintiffs may discover extremely relevant evidence.

**Degignation 55 &** *Duces Tecum* **M:** Defendant made a more limited offer to Plaintiffs—only seeking to disclose *in camera* the name of the manufacturer and the manufacturing facilities. It should be the job of Plaintiffs' counsel, and not the Court, to verify if there is any connection with the brake manufacturers to Florida. Without the information sought, Plaintiffs are unable to independently determine any connection to Florida.

The scope of discovery is broad under the Federal Rules. "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26. "The key phrase in this definition-'relevant to the subject matter involved in the pending action'-has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (pointing to *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947)). Thus, in any particular action, the scope of allowable discovery is determined by the claims (and defenses) raised in that action. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Further, where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues. *Sanders*, 437 U.S. at 351 (citing to 4 J. Moore, Federal Practice ¶ 26.56[6], p. 26-131 n. 34 (2d ed. 1976); *and also* Note, The Use of Discovery to Obtain Jurisdictional Facts, 59 Va.L.Rev. 533 (1973)). Unlike the cases cited by TMC which raised the ultimate issue of jurisdiction, the forgoing case law supports the proposition that discovery is to be broadly based.

Given the previous factual errors that were made in this case due to a flawed

4

record, Plaintiffs should be allowed to vigorously pursue all possible connections to TMC's Florida business dealings. Plaintiffs' designations have been narrowly tailed to achieve this goal.

Respectfully Submitted,

/s/
F. Bradley Hassell, Esquire
FBH@Hassell-Legal.com
HASSELL, MOOREHEAD & CARROLL
149 South Ridgewood Ave., Suite 301
Daytona Beach, FL 32114
(386) 238-1357

/s/
Douglas P. Desjardins
CLAPP, DESJARDINS & ELY, pllc
444 North Capitol Street, NW
Suite 828
Washington, DC 20001
Ph: 202-638-5300
Fax: 202-478-7851
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2008, I caused the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF'S 30(b)(6) DESIGNATIONS to be delivered via the Court's electronic filing system upon all parties.

F. Bradley Hassell, Esq.

5