**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ESTATE OF MADISON MILLER, by and through Rita Miller and Jerame Miller as co-personal representatives of the estate, CORI MILLER, RITA MILLER, JERAME MILLER,**

            **Plaintiffs,**

**-vs-**                                         **Case No. 6:07-cv-1358-Orl-19DAB**

**TOYOTA MOTOR CORP., THRIFTY RENT-A-CAR SYSTEM, INC., JOHN DOE MANUFACTURER**

            **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **EMERGENCY JOINT MOTION FOR RULING ON CONTESTED 30(B)(6) DESIGNATIONS (Doc. No. 84)**
>
> **FILED:** May 20, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

While Plaintiffs argue that the fifty five designations and document requests are within the "broad" scope of discovery, the Order of the District Court allowed only for "**limited** jurisdictional discovery" (Doc. No. 63 at 3 - emphasis added) in order to clear up the "factual inaccuracies"

resulting from the ambiguous affidavits submitted by TMC. There is little in Plaintiffs' designations that can be described as "limited."

The only matter presently at issue is whether TMC's connection with the State of Florida is sufficient to constitute "substantial and not isolated activity within this state" for purposes of long-arm jurisdiction. *See* Fla. Stat. § 48.193(2). As the District Court has already noted, "Plaintiffs must do more than establish minimum contacts with Florida to demonstrate that personal jurisdiction exists." (Doc. No. 63, footnote 3). As such, the focus is necessarily on TMC's activities *within Florida.* To the extent the designations and requests reach well beyond this limited area of inquiry, they cannot be sustained. As such, the Court rules on the remaining matters presented by the parties in their memoranda, as follows:

**1. Designations 12 and 13: the nature and extent of lobbying efforts in the United States and Florida**

> To the extent TMC lobbies within Florida, the designation is relevant. Otherwise, it is not. TMC shall be prepared to answer questions relating to such in-state activity.

**2. Designations 23, 24 and 25: Patents or Trademarks filed in the United States by TMC or any subsidiary; or licensing agreements with any U.S. corporation or entity**

> Plaintiffs argue that licensing the use of intellectual property to a company in Florida may show that TMC derives money from Florida. The designations, however, are not limited to licensing or assignment of intellectual property to Florida corporations, but purport to seek *all* intellectual property and agreements nationwide. As such, the Court finds that the designations are impermissibly overbroad. Plaintiffs' request is limited to in-state activity only.

**3. Designation 28 & 37 & Duces Tecum Request F: TMC's SEC filings**

> While TMC asserts these are irrelevant, except for any specific mention of Florida in such filings, as the documents are not privileged and are publicly available,

they should be produced. Inquiry, however, should be limited to the extent the documents indicate activity by TMC in Florida (if any).

**4. Designation 35: business trips by Japanese TMC executives to the United States**

The only possible relevant inquiry is with respect to trips into the State of Florida. A trip to the Detroit Auto Show is not "substantial and not isolated activity within this state," even if the sole topic of conversation was about Florida.

**5. Designation 55 & Duces Tecum Request M: the identity of the manufacturer of the brake system components installed in the subject vehicle, the place of manufacture and the chain of distribution of those components**

The Court does not see the connection between the request and the issue of whether TMC is subject to personal jurisdiction in Florida. To the extent the brake system was purchased, manufactured, or installed in Florida, that information must be provided. To the extent TMC asserts that the system has no connection whatsoever with the State of Florida, it is a simple enough matter to state as such, under oath, at deposition. The Court sees no justification for *in camera* production, as suggested by Defendants.

**DONE** and **ORDERED** in Orlando, Florida on May 22, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record