UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ESTATE OF MADISON MILLER, et al.,

    Plaintiffs,

vs.                                        CASE NO.:    6:07-CV-1358-ORL-19DAB

THRIFTY RENT-A-CAR SYSTEM, INC.,
et al.,

    Defendants.

_____

MICHAEL MILLER,

    Plaintiff,

vs.                                        CASE NO.:    6:08-CV-1580-ORL-19DAB

TOYOTA MOTOR CORPORATION,

    Defendant.

_____

## DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES TO SPECIFY FABRE DEFENDANTS

COMES NOW Defendant, THRIFTY RENT-A-CAR SYSTEM, INC, by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure Rule 15 and Local Rules for the Middle District of Florida, files this motion to amend its previously pled Affirmative Defense regarding Fabre Defendants to specifically name certain non-parties, and as grounds therefore would set forth the following:

1.	On December 27, 2007, Defendant, THRIFTY RENT-A-CAR SYSTEM, INC, filed its Answer/Affirmative Defenses and Demand for Jury Trial. As its seventh (7th) Affirmative Defense, Defendant alleged as follows:

> Defendant affirmatively alleges that Plaintiffs' alleged damages were caused by the fault of other parties, named or unnamed, and as a result, this Defendant, should be liable, if at all, only for its proportionate share of liability, pursuant to Florida Statutes §768.81(3). *Messmer v. Teachers Ins. Co.,* 588 So.2d 610 (Fla. 5th DCA 1991) and as further supported in *Fabre v. State Farm Mutual Automobile Company,* 623 So.2d 1182 (Fla. 1993). Defendant is undertaking reasonable investigation and discovery in connection with this affirmative defense as the case proceeds. It is anticipated that, by the time of the Pre-Trial Conference, at which it is appropriate to narrow the issues to be tried, Defendant may be in a position to specifically name or specifically identify potential Fabre defendants, or in the alternative, may be in the position to withdraw such affirmative defense. All rights are preserved in connection with such defense.

2.	On March 3, 2008, Defendant, THRIFTY RENT-A-CAR SYSTEM, INC, filed its Rule 26(a)(1) Disclosure, identifying as potential witnesses several persons affiliated with the Red Cross helicopter service that was carrying Madison Miller when it apparently crashed, as well as representatives of Toyota Motor Corporation and "John Doe" manufacturer.

3.	On November 19, 2008, Defendant, THRIFTY RENT-A-CAR SYSTEM, INC, took the depositions of Plaintiffs Jerame and Rita Miller.

4.	On December 1, 2008, Defendant, filed its Notice of Designation of Fabre Defendants, specifically identifying the following as Fabre Defendants:

- SA Red Cross Air Mercy Service.
- Owner of Eurocopter BO105 helicopter transporting Madison Miller on 10/3/05 (to be more fully identified once discovery is completed).

- Lessor of Eurocopter BO105 helicopter transporting Madison Miller on 10/3/05 (to be more fully identified once discovery is completed).
- Manufacturer of Eurocopter BO105 helicopter transporting Madison Miller on 10/3/05 (to be more fully identified once discovery is completed).
- Jeremy Wood, pilot of the Red Cross helicopter transporting Madison Miller on 10/3/05 (to be more fully identified once discovery is completed).
- Toyota corporate entity responsible for manufacturing the subject Toyota Condor involved in the motor vehicle accident (to be more fully identified once discovery is completed).
- Toyota corporate entity responsible for sale of the subject Toyota Condor Involved in the motor vehicle accident (to be more fully identified once discovery is completed).
- Toyota corporate entity responsible for manufacture of the subject Toyota Condor and its parts involved in the motor vehicle accident (to be more fully identified once discovery is completed).

5. The depositions of all witnesses in South Africa related to the Fabre Defendants have not yet been taken. Plaintiffs and Defendant are currently coordinating these depositions, with the anticipation that depositions will be taken in late January and early February 2009.

6. Based upon information gathered throughout the course of discovery of this matter, Defendant, THRIFTY RENT-A-CAR SYSTEM, INC, wishes to amend its previously alleged Affirmative Defense to specifically name Fabre Defendants.

7. Due to the prior pleading of the Fabre Affirmative Defense, and Defendant's identification of various Red Cross, Toyota and "John Doe" manufacturer witnesses involved in this matter, the specific identification of Fabre Defendants should be no surprise to Plaintiffs, nor should there be any prejudice regarding the same, as discovery is still ongoing and the identification of Fabre Defendants will in no way delay or prejudice any party.

8. Pursuant to Local Rule 4.01, a copy of the proposed amendment to Defendant's Answer and Affirmative Defenses is attached hereto as Exhibit "A".

## MEMORANDUM OF LAW

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, this Court has authority to grant amendments before trial. Rule 1 of the Federal Rules of Civil Procedure mandates that these rules be interpreted within the interest of justice. Where, as here, there will be no delay or prejudice to either party or the Court, the requested amendment is certainly within the interest of justice. Moreover, there should be no surprise to the Plaintiffs, due to the reasons enumerated above, namely that Defendant properly pled the Fabre Affirmative Defense with its initial Answer, and also identified several witnesses related to the now identified Fabre Defendants in its Rules 26 Disclosure.

When an Answer is not in as specific terms as might be desired, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." *W.C. Shepherd Co. V. Royalty Indemnity Co.*, 192 F.2d 710, 717 - 718 (5th Cir. 1951). In the instant case, the Affirmative Defense was pled in Defendant's original Answer/Affirmative Defenses, and now Defendant merely seeks to add specifics in the form of names of the persons and organizations to be deemed Fabre defendants. Further, there is no prejudice to the Plaintiffs, as discovery is not yet at a close, and the depositions of all witnesses involved with or named as Fabre Defendants have not yet been taken.

## GOOD FAITH CERTIFICATE UNDER RULE 3.01(g)

Counsel for both Parties have conferred with regard to the contents of this motion, and counsel for Plaintiff, Douglas P. Desjardins, Esq., has advised that he opposes this motion.

WHEREFORE, Defendant, THRIFTY RENT-A-CAR SYSTEM, INC respectfully requests this Honorable Court grant an Order Approving Defendant's Motion to Amend Case Management Order.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 15, 2008 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of an electronic filing to the following **F. Bradley Hassell, Esq.**, 149 South Ridgewood Ave., Suite 301, Post Office Box 2229, Daytona Beach, Florida 32115-2229, **Douglas P. Desjardins, Esq.**, 444 North Capitol St., NW, Hall of States, Suite 828, Washington, D.C. 20001.

        CAMERON, HODGES, COLEMAN,
        LaPOINTE & WRIGHT, P.A.


/s/   E. Peyton Hodges
E. PEYTON HODGES, ESQUIRE
Florida Bar No.: 0262986
15 West Church Street, Suite 301
Orlando, Florida 32801-3301
Telephone:  (407) 841-5030
Facsimile:  (407) 841-1727
eph@cameronhodges.com
Attorneys for Defendant, Thrifty