**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ESTATE OF MADISON MILLER, by and
through Rita Miller and Jerame Miller as
co-personal representatives of the estate,
CORI MILLER,
RITA MILLER,
JERAME MILLER,**
                **Plaintiffs,**

**-vs-**                                         **Case No. 6:07-cv-1358-Orl-19DAB**

**TOYOTA MOTOR CORP.,
THRIFTY RENT-A-CAR SYSTEM, INC.,
JOHN DOE MANUFACTURER,**
                **Defendants.**
_____

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: MOTION TO AMEND/CORRECT CASE MANAGEMENT ORDER (Doc. No. 107)**
>
> **FILED:** December 4, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

The Court has reviewed the motion and the Notice of filing statement in support of the motion (Doc. No. 113), and has considered the opposition brief (Doc. No. 111) and the matters raised in the motion for leave to file reply (Doc. No. 115). Defendant Thrifty Rent-A-Car (herein "Defendant") seeks to extend discovery for 60 days and the dispositive motion deadline for 35 days. Although Defendant states that counsel "requires an extension of the deadline for discovery in order to complete

all anticipated discovery" and "Defendant does not expect that the extension of time for discovery and dispositive motions will delay or prejudice any party," neither assertion appears to be correct.

In support of its asserted ground of necessity for an extension, in order to complete anticipated discovery, Defendant tenders the statement of South African attorney Bedver John Henry Irving. Mr. Irving avers that he has been instructed to secure the attendance of certain witnesses (including aviation authority officials, policemen and a mechanic) in South Africa, but that deposing these witnesses is "not feasible at present" as 1) the courts, industry and the majority of law firms are in recess or closed there until mid-January 2009, 2) the police are "stretched to capacity" at this time of year, 3) there is no right to compel a policeman to sit for a deposition, and 4) the accident reconstruction expert is on leave until the third week of January. Mr. Irving states that although it would be possible in case of extreme emergency to take the depositions, he believes it would not be in the interest of justice to do so "at such short notice in our country at this time." Further, he anticipates that it will take two months to "properly investigate" the matter first, and then an additional two months to "set this up" and "[e]ven then, there can be no guarantee that the relevant members of the [police] and/or CAA[1] will be prepared to submit to the deposition process . . ." (Doc. No. 113). The Court finds insufficient grounds for extending the discovery deadline. Assuming the truth of all of Mr. Irving's statements regarding the difficulties in obtaining discovery in South Africa *at this time*, those difficulties are *directly* related to the "short notice" given to South African counsel. The parties were free to commence discovery on January 14, 2008, almost a full year ago. Experienced counsel knows that conducting discovery in other countries can be a time-consuming and difficult process, and no reason is offered as to why Defendant's belated start of the process justifies

---

[1]Civil Aviation Authority.

an extension that most assuredly delays matters. Indeed, if Mr. Irving is to be believed, the sixty day extension sought is likely insufficient as it will take at least four months to "set this up," with no guarantee that certain witnesses will even agree to be deposed, thus requiring even more delay as Defendant "endeavor[s] to seek consent thereto from the relevant authorities in Pretoria . . ." (Doc. No. 113).[2]

It is undisputed that the case management report was filed almost a full year ago (Doc. No. 50), and the Case Management Order adopted the deadlines proposed by the parties, including a March 3, 2009 discovery deadline and a dispositive motion deadline of April 1, 2009 (Doc. No. 51). Jury trial is set for 12-15 days for the term beginning August 3, 2009. At this time and on this record, there is no justification to extend discovery for sixty additional days past March, to allow South African counsel to attempt to set depositions that may not be possible to take, in any event. Moreover, extending the dispositive motion deadline to May 6 would leave less than three months for the Court to consider summary judgment motions; an unacceptable result that is not in the interest of justice.

The Court suggests that Defendant use best efforts to obtain all needed discovery within the remaining discovery period. The Court may consider extending discovery, for a particular deposition or depositions, once a showing has been made that *all* efforts to schedule in the remaining time were unsuccessful.

---

[2] Note the contrast between this statement and the earlier statement that "it would obviously be possible in the case of an extreme emergency . . to give effect to the instructions from our instructing attorneys." Doc. No. 113 at 6.

> **MOTION:** UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY (Doc. No. 115)
>
> **FILED:** December 23, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 9, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record