# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ESTATE OF MADISON MILLER, by and
through Rita Miller and Jerame Miller as
co-personal representatives of the estate,
CORI MILLER,
RITA MILLER,
JERAME MILLER,

      Plaintiffs,

-vs-            Case No. 6:07-cv-1358-Orl-19DAB

TOYOTA MOTOR CORP.,
THRIFTY RENT-A-CAR SYSTEM, INC.,
JOHN DOE MANUFACTURER,

      Defendants.
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO AMEND CASE MANAGEMENT REPORT (Doc. No. 135)** |
| **FILED:** | **February 3, 2009** |

**THEREON** it is **ORDERED** that the motion is **DENIED**. *See* Doc. No. 120.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S EMERGENCY SUPPLEMENTAL MOTION TO AMEND CASE MANAGEMENT ORDER AND TAKE ADDITIONAL DEPOSITIONS (Doc. No. 155)** |
| **FILED:** | **February 26, 2009** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

On the eve of the close of discovery, this Defendant now contends that it needs well over a dozen additional depositions, and possibly many more,[1] and an extension of time of ninety days from the current discovery deadline and the deadline for filing dispositive motions. Remarkably, Defendant takes the position that extending the deadlines so significantly will not unduly delay or prejudice any party, and Defendant does not expect the extended timeline to require continuation of trial.

The Court rejected an earlier attempt by this Defendant to obtain a 60 day extension, noting that it appeared that the difficulties were of Defendant's own making, the delay was prejudicial, and it did not appear that the discovery sought was even obtainable, based on the declaration of Defendant's own South African counsel. The Court noted:

> It is undisputed that the case management report was filed almost a full year ago (Doc. No.50), and the Case Management Order adopted the deadlines proposed by the parties, including a March 3, 2009 discovery deadline and a dispositive motion deadline of April 1, 2009 (Doc. No. 51). Jury trial is set for 12-15 days for the term beginning August 3, 2009. At this time and on this record, there is no justification to extend discovery for sixty additional days past March, to allow South African counsel to attempt to set depositions that may not be possible to take, in any event. Moreover, extending the dispositive motion deadline to May 6 would leave less than three months for the Court to consider summary judgment motions; an unacceptable result that is not in the interest of justice.

(Doc. No. 120). The instant request is even more prejudicial, and does nothing to alleviate the Court's concerns that the discovery is likely unobtainable in that time frame (or at all), in any event. Pursuant to the Case Management and Scheduling Order, a party has thirty days in which to file a response to a motion for summary judgment (Doc. No. 51 at 6). The proposed extension of the dispositive motion

---

[1] Defendant Thrifty wants to depose specifically named individuals, individuals designated only by their position (*e.g.*, "the owner and manager of Air Mercy Service"), *and* a large number of unidentified persons, *e.g.*: "any and all persons involved with the CAA investigation of the helicopter crash", "any and all persons involved with the completion of the report of the CAA", "any and all doctors who treated Plaintiffs or were on the scene of the accident at any time", "any and all personnel working . . . at the EMS Communication Centre" that day, "any and all employees, managers, and officers" of Air Mercy Service, among others.

-2-

deadline (June 29, 2009) would leave the Court *two days* in which to consider the motion, prior to the start of the trial term.

Moreover, while the Court previously indicated that it might consider extending discovery "for a particular deposition or depositions," this was contingent on a showing that Defendant made reasonable efforts to obtain the discovery in the remaining time. The instant request is not targeted discovery of particular witnesses; indeed, it appears that even now, counsel has no real idea of whom he needs to depose, but seeks "any and all" persons involved in any way with the accident. While the Court remains amenable to considering a *reasonable, targeted* request of clearly necessary and relevant discovery that was unobtainable earlier, the instant request does not come anywhere near meeting that standard. The motion is **denied.**

> **MOTION: AMENDED EMERGENCY MOTION TO RE-DEPOSE PLAINTIFFS (Doc. No. 147)**
>
> **FILED: February 20, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

The motion, presented as an "emergency" (apparently because the discovery cut-off is approaching and this Defendant did not commence discovery in earnest until recently) seeks permission to re-depose Plaintiffs Jerame and Rita Miller "in order to clarify all information recently obtained during discovery while in South Africa, which appears to conflict with Plaintiff's sworn testimony in their response to interrogatories." Not surprisingly, Defendant cites no authority allowing for another deposition on these grounds, and Plaintiffs oppose the motion. The Court sees no basis to re-depose Plaintiffs, unless Plaintiffs are in agreement to do so. Defendant has Plaintiffs' story– given under oath in deposition and in Interrogatories. Plaintiffs are under a continuing duty

-3-

to supplement their Interrogatory answers, to the extent they are incorrect, and, absent any correction, to the extent this Defendant believes it has information that conflicts with Plaintiff's testimony, that is what a trial is for. The motion is denied, without prejudice to any agreement the parties may choose to make and without prejudice to any properly supported motion for sanctions, should it turn out that Plaintiffs failed to supplement and correct a knowingly incorrect Interrogatory answer.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR LEAVE TO SERVE INTERROGATORIES IN EXCESS OF 25 ON PLAINTIFFS (Doc. No. 149)** |
| **FILED:** | **February 23, 2009** |

**THEREON** it is **ORDERED** that the motion is **DENIED**. The proposed discovery cannot be completed prior to the discovery deadline and is therefore untimely.

| | |
|---|---|
| **MOTION:** | **MOTION FOR PROTECTIVE ORDER REGARDING SECOND SUPPLEMENTAL INTERROGATORIES AND ADMISSIONS (Doc. No. 150)** |
| **FILED:** | **February 25, 2009** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** to the extent not moot. *See* above denial of the motion to serve additional Interrogatories (Doc. No. 149).

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER FROM ADDITIONAL DEPOSITIONS (Doc. No. 151)** |
| **FILED:** | **February 25, 2009** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** to the extent not moot. *See* above denial of motion to redepose Plaintiffs (Doc. No. 147).

| | |
|---|---|
| **MOTION:** | **EMERGENCY MOTION TO SERVE SUPPLEMENTAL INTERROGATORIES ON PLAINTIFFS (Doc. No. 156)** |
| **FILED:** | February 26, 2009 |

**THEREON** it is **ORDERED** that the motion is **DENIED**. This motion seeks the same relief as the motion filed on February 23, 2009, save for the characterization of the matter as an "emergency." It is not.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S EMERGENCY MOTION TO SHORTEN TIME FOR PLAINTIFFS' DISCOVERY RESPONSES (Doc. No. 157)** |
| **FILED:** | February 26, 2009 |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

A final note is in order. Defendant Thrifty has filed several motions, all related, and almost all presented to the Court as an "emergency." Each of the motions so designated results in the interruption of other work by the Clerk's Office to notify the assigned judge that such a motion has been filed. This, in turn, causes the judge and his staff to put aside other work and proceedings to examine the motions to determine whether any "emergency" is presented. The seeking of extensions of time and expansion of discovery are not matters ordinarily entitled to emergency consideration. It ought not require six separate motions to request such relief. Moreover, the parties have had over a year to undertake discovery. There is nothing inherently urgent in these motions, nor were these circumstances unforeseeable. Any "emergency" is due directly to the litigation choices made by this Defendant and its counsel.

**DONE** and **ORDERED** in Orlando, Florida on February 27, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record